## Ex parte MORDECAI GOLDEN.

No. A-4019.    Opinion Filed Aug. 11, 1921.
(200 Pac. 264.)

Application of Mordecai Golden for writ of habeas corpus to obtain admission to bail.    Bail denied.

Utterback & MacDonald, for petitioner.

The Attorney General, W. C. Hall, Asst. Atty. Gen., Victor C. Phillips, Co. Atty., and J. T. McIntosh, for the State.

PER CURIAM. In this proceeding the petitioner, Mordecai Golden, has filed in this court a verified petition asking that a writ of habeas corpus be granted, or a rule to show cause be entered, directed to Reuel Taylor, sheriff of Bryan county, requiring him to show cause by what authority petitioner is detained without bail, and this to the end that the petitioner be admitted to bail by this court. When the petition was presented it was stipulated between counsel in open court that the writ need not issue in the first instance, and that the facts and merits of the application should be presented to the court upon the petition and the transcript of the testimony taken in the preliminary examination and the transcript of the testimony introduced at the hearing on the habeas corpus application before the district judge of Bryan county and the answer of respondent.

The uncontroverted facts averred in the petition are as follows: Upon a warrant of arrest issued by a justice of the peace of Bryan county, the petitioner was arrested and brought before said justice of the peace and a preliminary examination was had and an order was entered to the effect that the crime of murder had been committed, and that there was probable cause to believe that the petitioner was guilty thereof, and that petitioner be held to answer to the district court without bail, and an order of commitment was issued by the justice, under which the sheriff received the petitioner into his custody.

It is further averred that thereafter on the 21st day of May, A. D. 1921, petitioner made application to the district court of Bryan county for a writ of habeas corpus, to the end that he might be admitted to bail upon said charge and a hearing was then had before said district court upon such petition and all the evidence introduced before the justice of the peace and upon other evidence at that time offered. At the close of said hearing the district court refused to issue the

writ and refused to admit the petitioner to bail, and said court directed that petitioner be continued in the custody of the sheriff without bail.

On the 26th day of May, A. D. 1921, the county attorney filed in the district court of Bryan county, an information jointly charging Mordecai Golden, together with Sadie Golden, and D. B. Williams, with the crime of murder, alleged to have been committed on or about the 16th day of May, 1921, by shooting one Thomas Craghead with an automatic pistol. Petitioner further avers "that the proof of his guilt is not evident nor is the presumption of his guilt great, that therefore petitioner is entitled to be let to bail pending his trial on said information."

The evidence for the state shows that about ten o'clock p. m. on the date alleged the petitioner did kill and murder Thomas Craghead, by shooting him four times with an automatic pistol. The shooting occurred in the town of Caddo, on the sidewalk near the Methodist church, located on the lots adjoining the home of the deceased; that the body was found a few minutes later lying on the sidewalk with four gunshot wounds in the breast.

The petitioner admits that he killed Thomas Craghead, but claims that he killed him in self-defense.

We have carefully read the evidence presented upon this application with a view of ascertaining whether, under the Constitution and laws, as a matter of legal right, petitioner is entitled to bail.

After a careful consideration of the same we have reached the conclusion that the petitioner is not entitled to bail as a matter of legal right. It is therefore considered and ordered that the writ prayed for be denied and bail refused.